BTXN 127 (rev. 1/14)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS

FILED

MAR 0 5 2020

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

In Re:

Hurst Group, LLC
Debtor(s)

§
§
§
§
§
§

Case No.:

11-40680-rfn7

## APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

Comes now the undersigned, to make application for an order directing payment of unclaimed funds now on deposit in the Treasury of the United States. Claimant is a _____ creditor _____ debtor (check one) in the above captioned bankruptcy case and on whose behalf these funds were deposited.

| 1. | Name of Claimant(s) | Harry Cummins, III |
|----|---------------------|--------------------|
| 2. | Name and Title of Authorizing Officer or Representative (*If Claimant is an individual, skip to Question No. 3*) | |
| 3. | Current Mailing Address | 2400 Mountain Tops Rd. P.O. Box 518, Blue Ridge, GA 30513 |
| 4. | Telephone Number | (214) 505-0967 |
| 5. | SS# (last 4 digits only) or EIN # | 6462 |
| 6. | Amount Being Claimed | $9,286.02 |

I, Harry Cummins, III, do hereby state under penalty of perjury that I am legally entitled to claim these funds for whom the unclaimed funds were deposited into the treasury in the above referenced bankruptcy case. I certify to the best of my knowledge that all information submitted in support of this claim is true and correct.

Date 02/27/2020

Claimant Signature

Co-Claimant Signature

Subscribed and Sworn to Before Me this 27th day of February, 2020.

Notary Public
In and for the State of Georgia

Terri K. Benton
Notary Public
Exp. March 6, 2023
Bibb County. GA

My commission expires 3/6/2023

## CERTIFICATE OF SERVICE

In accordance with 28 U.S.C. § 2042, the undersigned hereby certifies that on the date designated below, a true and correct copy of the foregoing application with all required attachments was mailed to:

Office of the United States Attorney
Attn: Unclaimed Funds
1100 Commerce Street, 3rd Floor
Dallas, TX 75242

Date: 02/27/2020

_____
Claimant's Signature

## CUMMINS FAMILY LIVING TRUST

This Trust Agreement, made and entered into this 7ᵗʰ day of February 1996, by and between HARRY CUMMINS, JR. of Harris County, Texas, (being hereinafter referred to as "Settlor"), and HARRY CUMMINS, JR., HARRY CUMMINS, III, JEFFREY ROSS CUMMINS, and MARY ANN CHICOINE as Trustee(s), to create an intervivos trust, which shall be known as the CUMMINS FAMILY LIVING TRUST.

### WITNESSETH:

### ARTICLE I

### DEFINITIONS

1.1    <u>Settlor's Children</u>.  All references in this Agreement to a child or children of the Settlor shall Harry Cummins, III, Jeffrey Ross Cummins, and Mary Ann Chicoine.

1.2    <u>Issue, Descendants and Heirs-at-Law</u>.  All references in this Agreement to "issue", "descendant" or "descendants" of any person relate only to one or more of that person's lawful issue in all degrees, except that references to Settlor's "descendants" or "issue" or "children" relate only to Settlor's children referred to in Section 1.1 above and descendants of such children. For purposes of the preceding sentence, persons adopted through court proceedings (but not otherwise) will be treated the same as natural born children of their adoptive parent(s).  For purposes of this Agreement, a child shall be regarded as being a natural born to a marriage if such child is born to the wife through artificial insemination where either the husband is the donor or with the husband's consent another man is the donor or where a child is born to another woman through artificial insemination where the husband is the donor and the wife has given her consent.

## ARTICLE II

### TRUST FUNDING

2.1    Initial Funding.  The Settlor shall initially fund this Trust with Settlor's sole and separate property described in Schedule A (which is attached hereto and made a part hereof), and the Settlor has conveyed, transferred and assigned and by these presents does hereby convey, transfer and assign unto the Trustee, the property listed on Schedule A, and the Trustee hereby accepts such property.

2.2    Additional Funding.  This Trust may be additionally funded with property of all kinds by the Settlor or any other person in any manner.  All such property transferred, assigned, conveyed or delivered to the Trustee in trust shall be absolute and irrevocable and must be acceptable to the Trustee.  All property interests transferred, assigned, conveyed or delivered to the Trustee shall be subject to all of the terms and conditions set forth in this Trust Agreement.

## ARTICLE III

### ADMINISTRATION DURING SETTLOR'S LIFE

3.01    During the Settlor's life, the Trustee may distribute to or apply for the benefit of the Settlor and/or Settlor's children and the issue of any of Settlor's children so much of the net income and principal of the Trust as the Settlor directs and if Settlor fails to so direct, then as the Trustee in its sole and absolute discretion determines to be necessary or advisable for the health, education, maintenance and support.

Any distributions made under this paragraph need not be equal among beneficiaries and the Trustee may make distributions to or for the benefit of one or more of the Trust beneficiaries

to the complete exclusion of the other beneficiaries, but it is the intent of the Settlor that Settlor always be considered the primary beneficiary and only if the needs of the Settlor have been met will there be distributions to the other beneficiaries. Distribution of the entire principal of the Trust is authorized if the Trustee shall determine such distribution shall be in the best interest of the beneficiaries in accordance with the foregoing standard.

A distribution to or for the benefit of a beneficiary shall be charged to the Trust as a whole, rather than against the beneficiary's ultimate share.

## ARTICLE IV

## ADMINISTRATION AT DEATH OF SETTLOR

4.01    All Children Surviving. Upon death of Settlor, if all of Settlor's children are living and not incapacitated, the Trustee may distribute to or apply for the benefit of Settlor's children and the issue of any of Settlor's children, so much of the net income and principal of the Trust as the Trustee in its sole and absolute discretion determines to be necessary or advisable for the health, education, maintenance and support. It is Settlor's desire that Settlor's grandchildren be assisted with their education, at whatever level, if the Trustee deems it appropriate. Any net income not distributed by the Trustee shall be accumulated and added to the principal of the Trust.

Any distributions made under this paragraph need not be equal among beneficiaries and the Trustee may make distributions to or for the benefit of one or more of the Trust beneficiaries to the complete exclusion of the other beneficiaries, but it is the intent of the Settlor that Settlor always be considered the primary beneficiary and only if the needs of the Settlor have been met will there be distributions to the other beneficiaries. Distribution of the entire principal of the

Trust is authorized if the Trustee shall determine such distribution shall be in the best interest of the beneficiaries in accordance with the foregoing standard.

A distribution to or for the benefit of a beneficiary shall be charged to the Trust as a whole, rather than against the beneficiary's ultimate share.

4.02    <u>One or More Children Not Surviving or Incapacitated</u>.  Upon death of Settlor, if one or more of Settlor's children is either deceased or incapacitated, the Trustee shall divide and deliver and distribute all of the Trust properties into as many equal trust shares as there are Settlor's children then living, with an equal trust share for the descendants of a deceased child; per stirpes, and not per capita, so that such descendants collectively shall take such share only as their parent would have taken if living.  Each share shall be a separate and distinct trust to be held, delivered and distributed as follows:

1.    <u>Share for Child.</u>  The Trustee shall pay to Settlor's child for whom said trust is named, so much of the net income or principal, or both, from this trust as, in the sole opinion of such Trustee, is appropriate to provide for Settlor's child's health, education, maintenance and support.  In addition, said Trustee may pay to one or more of Settlor's child's issue, without regard to equality of distributions, so much of the net income or principal, or both, from the Trust as such Trustee, in his discretion, deems appropriate to provide for their health, education, maintenance and support.  In making decisions concerning such distributions, said Trustee shall take into account Settlor's desire that Settlor's child be considered the primary beneficiary and that the interest of the other beneficiaries be considered secondary.  Undistributed income shall be accumulated and added to principal.  Any payment of benefits under this subsection shall be charged against the Trust as a whole and not against the ultimate distributive share of the beneficiary to whom the payment was made.  Any distributions to be made under this section shall only be made if deemed to be appropriate in the sole discretion of the Trustee, and said Trustee is even authorized to distribute all of the trust properties, including undistributed income, to Settlor's child and/or his/her issue at any time if deemed appropriate by the Trustee.  Upon the death of Settlor's child, the remaining Trust estate, if any, shall terminate, and the Trustee shall distribute the balance of the trust estate, including all principal and any accrued or undistributed income, to any person, excluding the child's estate or

creditors, as the child shall appoint. This power of appointment is exerciseable by the child alone and in all events. The appointment shall be in the amounts or proportions, and on the terms and conditions, either outright or in trust, as the child shall appoint in his/her Last Will duly admitted to probate and specifically referring to and exercising this power of appointment. Before distributing the balance of the trust estate, the Trustee shall pay any estate or other death taxes that may be due by reason of the death of the child in connection with the interest of the child in the trust estate that the Trustee may be required to pay. If the child of the power of appointment shall fail to make a valid disposition of all or any portion of the trust estate, all of the trust estate not so disposed of shall be distributed by the Trustee to the then living issue of the deceased child under Article 4.02(2), but if no said issue is then living, all of the trust estate not so disposed of shall be distributed by the Trustee to Settlor's then living issue, per stirpes; provided, however, that any distribution directed to be made to issue of Settlor for whom another share is then being held in trust under the provisions of this trust shall not be distributed outright to such issue, but instead shall be administered as a part of the corpus thereof; or if no issue of Settlor is then living, the Trustee shall deliver and distribute the then remaining corpus and undistributed income free of trust to Settlor's then living heirs-at-law, as provided for under the then existing laws of descent and distribution of the State of Texas. Any property designated to pass to a minor heir-at-law under this Article shall be held by a custodian under the Texas Uniform Gifts to Minors Act appointed by Settlor's Trustee.

2.   Share for Issue of Deceased Child. If a deceased child of Settlor shall have one or more issue living at the time of the division into shares or if a child shall die after the division into shares but before receiving all of the assets in his or her share and shall have one or more issue living at the time of his or her death, the share designated by the name of such deceased child shall be held as a separate and distinct trust for the issue of such deceased child. The Trustee shall pay to or for the benefit of the issue of the deceased child whose name designates the particular share all or such portion of the net income and/or corpus of the share at such times and in such amounts, manner and proportions among them as the Trustee, in the Trustee's sole discretion, may determine to be necessary or appropriate for the health, education, maintenance and support of such issue. Any undistributed income shall be accumulated and added to the corpus of the share. Any payment of benefits under this Article shall be charged against the trust as a whole and not against the ultimate distributive share of the beneficiary to whom the payment was made. In exercising such discretion in making distributions from the income and/or corpus of the share, it is Settlor's desire that the Trustee give preference to and be liberal with the educational needs of issue of a deceased child, especially when any such issue is pursuing an education at an institution of higher learning. When there is no longer living issue of such deceased child whose name designates

the particular share under the age of twenty-one (21), the trust of that share shall terminate and the then remaining corpus and undistributed income of the share shall be distributed to the issue of such child whose name designates the particular share, per stirpes; or in the event that no issue of such deceased child whose name designates the particular share are then living, the Trustee shall distribute the then remaining corpus and undistributed income of the particular share to Settlor's issue then living, per stirpes; provided, however, that any distribution directed to be made to issue of Settlor for whom another share is then being held in trust under the provisions of this Trust shall not be distributed outright to such issue but instead shall be added to the corpus of the share being held in trust for such issue and shall be administered as a part of the corpus thereof; or if no issue of Settlor is then living, the Trustee shall deliver and distribute the then remaining corpus and undistributed income free of trust to Settlor's then living heirs-at-law, as provided for under the then existing laws of descent and distribution of the State of Texas. Any property designated to pass to a minor heir-at-law under this Article shall be held by a custodian under the Texas Uniform Gifts to Minors Act appointed by Settlor's Trustee.

4.03   Maximum Duration of Trusts.   Anything in this instrument to the contrary notwithstanding, Settlor directs that all trusts created hereunder shall in all events terminate not later than twenty-one (21) years from and after the death of the survivor of the following persons, to-wit:  Settlor and all of Settlor's children and more remote descendants living at the time of the creation of this Trust; provided, however, that if any trust created in this instrument is merged with any trust created under any other instrument, such merged trust shall not continue beyond the date on which the earliest maximum term of the trusts so merged would, without regard to such merger, have been required to expire.  Settlor further directs that, as to any property at any time a part of any trust estate (including a merged trust) as to which under the laws of any state applicable to said property that trust is required to be terminated at any time prior to its normal termination date, the trust as to that particular property shall terminate at the time required by the laws of said state.  Upon such termination of that trust in whole or in part, as the case may be, the

assets and property then comprising the principal of that trust, or the assets and property as to which that trust is terminated, shall be delivered and distributed in fee simple and free of trust unto those person who at the time of such termination constitute the beneficiaries of that trust estate in proportion to their respective presumptive interests in that trust estate at the time of such termination.

4.04    Merger of Trusts. If at any time the Trustee of any trust created pursuant to this Article IV shall also be acting as Trustee of any other trust created by trust instrument or by will for the benefit of the same beneficiary or beneficiaries and upon substantially the same terms and conditions, the Trustee is authorized and empowered, if in the Trustee's discretion such action is in the best interest of the beneficiary or beneficiaries of the trust created hereunder, to transfer and merge all of the assets then held under such trust created pursuant to this instrument to and with such other trust and thereupon and thereby to terminate the trust created pursuant to this instrument. The Trustee is further authorized to accept the assets of the other trust created hereunder and to administer and distribute such assets and properties so transferred in accordance with the provisions of this instrument.

4.05    Termination of Small Trust. Irrespective of other provisions of this instrument, the Trustee may at any time terminate any trust or any share thereof if, in its sole judgment, the continued management of such trust or any share thereof is no longer economical because of the small size of such trust or share and if such action shall be deemed to be for the best interests of the beneficiary or beneficiaries. In case of such termination, the Trustee shall distribute forthwith the share of the trust estate so terminated to the sole or primary income beneficiary or

beneficiaries, per stirpes.  Upon such distribution and delivery, the said trust or share shall terminate and the Trustee shall not be liable or responsible to any person or persons whomsoever for its action.  The Trustee shall not be liable for failing or refusing at any time to terminate any trust or a share thereof as authorized by this paragraph.

## ARTICLE V

## TRUSTEE'S POWERS

Except as otherwise provide in this instrument, the Trustee and its successors shall have and exercise the following rights, powers and privileges and shall be subject to the following duties, provisions, conditions and limitations with respect to each trust hereinabove created:

a.    Partitions.  The Trustee shall have the power to make all partitions and divisions contemplated by this instrument.  The actual partitions and divisions made by the Trustee shall be binding and conclusive upon all interested parties.  Any partitions, divisions or distributions may be made by allocating assets and property proportionately in kind or by allocating undivided interests therein in kind.

b.    General Investment and Management Powers.  The Trustee shall have full power and authority to manage, handle, invest, reinvest, convert, reconvert, sell for cash or credit, or for part cash and part credit, exchange, hold, dispose of, lease for any period, whether or not longer than the life of the trust, improve, repair, maintain, work, develop, operate, use, mortgage, or pledge all or any part of the funds, assets and property constituting from time to time any part of the trust; receive property from any source as an addition to the trust estate; engage in and carry on any business or undertaking and enter into any partnership as a general or limited partner with any person, firm, corporation or any trustee under any other trust; borrow money; lend money upon such security as the Trustee deems appropriate; enter into contracts; execute obligations, negotiable and nonnegotiable; vote shares of stock in person and by proxy, with or without power of substitution; alone or with others; form, reorganize or extend the life of any corporation, and exercise and perform any and all rights, privileges and powers inuring to the holder of any stock or securities comprising at any time a part of the trust; exercise any stock options and borrow money for such purpose; sue and be sued; abandon, settle, compromise or adjust by arbitration or otherwise any dispute or controversies in favor of or against the trust; waive or release rights of any kind; abandon any property or interest in property belonging to the trust when deemed to be in the best interest of the trust and

its beneficiaries; appoint, remove and act through agents, managers and employees, and confer upon them such power and authority as may be deemed necessary or advisable; operate or participate in the operation of any farm or ranch property; sell, convey, lease or otherwise deal with any oil, gas and other minerals and mineral rights and royalties, and operate and develop oil, gas and other mineral properties and interests; pay all reasonable expenses; execute and deliver any deeds, conveyances, leases, contracts or written instruments of any character appropriate to any of the powers or duties of the Trustee; purchase and carry insurance of any kind and in such amounts as the Trustee deems advisable, including a life insurance policy or policies on the life of any beneficiary or on the life of any person in whom a beneficiary has an insurable interest from any company or companies and pay all premiums from either income or principal, or both, and designate as beneficiary the Trustee of this Trust, except (i) no acquisition, payment or designation shall be made in or from Trust A for insurance which would disqualify such trust for the federal estate tax marital deduction as provided for in Section 2056 of the Internal Revenue Code, (ii) the Trustee, during the lifetime of surviving Settlor, shall only be obligated for premium payments as provided under section 3.3 of Article III, and (iii) the Trustee shall have no power to expend trust income to purchase a life insurance policy on the life of surviving Settlor.

c.      <u>Selection and Retention of Investments</u>.  Any property transferred to the trust by Settlor or by any other person as herein provided or acquired by the Trustee as herein provided and from time to time constituting any part of the principal of the trust shall be deemed a proper investment, and the Trustee shall be under no obligation to dispose of or convert any such property.  The Trustee is specifically authorized to acquire or retain any stock or other security received from any source issued by the Trustee, a bank holding company which owns stock of the Trustee or any corporation controlled by such bank holding company, including stock dividends thereon and any securities issued in lieu thereof as a result of any recapitalization, consolidation or merger, and shall have with respect to that stock or security the same powers which apply to other trust property. Investments need not be diversified, may be of a wasting nature, and may be made or retained with a view to possible increase in value.  The Trustee may invest and reinvest all funds available for investment or reinvestment from time to time or at such times as may be deemed advisable in such investments as it is permitted to make pursuant to the terms of this instrument.  It is expressly authorized to invest in nonincome-earning or producing property if in its judgment the best interest of the particular trust will be served thereby.  The Trustee, except as herein otherwise specifically provided, shall have as wide latitude in the selection, retention, or making of investments as an individual would have in retaining or investing his own funds, and shall not be limited to nor be bound or governed by the provisions of the Texas trust Code (or its successor statute) or by any other statutes or regulations respecting investments by trustees except to the extent that such statutes or regulations may not be waived.

d.    **Power to Determine Income and Principals.**  Dividends payable in stock of the issuing corporation, stock splits and capital gains shall be treated as principal.  Except as herein otherwise specifically provided, the Trustee shall have full power and authority to determine the manner in which expenses are to be borne and in which receipts are to be credited as between principal and income, and also to determine what shall constitute principal or income, and may withhold from income such reserves for depreciation or depletion as it may deem fair and equitable.  In determining such matters the Trustee may give consideration to the provisions of the Texas Trust Code (or its successor statute) relating to such matters, but shall not be bound by such provision.

e.    **Transactions with Beneficiaries and Fiduciaries.**  The Trustee is authorized to enter into any transaction permitted by this instrument, even though the other party to that transaction is a beneficiary; the estate of a beneficiary; a trust created by or for the benefit of a beneficiary, whether living or deceased; an executor or administrator of any estate, including that of Settlor; or a trustee of any trust, including the Trustee under this instrument acting individually; except to the extent that the Texas Trust Code, as amended, or any successor statute may expressly prohibit Settlor from authorizing any corporate Trustee serving hereunder from engaging in any such transaction.

f.    **Methods of Payment to Beneficiaries.**  All distributions and all uses and applications of trust funds, either income or principal, may be made directly to or expended for the benefit of the persons entitled thereto without the intervention of any legal guardian or other legal representative and the Trustee shall not be responsible for the application of any payment after the same has been made to any person in accordance with the provisions hereof.  The Trustee may pay any income or principal distribution (either during the term of a trust or upon final distribution of a trust) to or for the benefit of any beneficiary, including but not limited to the following methods:

1.    Directly to such beneficiary;

2.    To the legal or natural guardian or person having custody of such beneficiary;

3.    Directly for the maintenance or support of such beneficiary;

4.    To a custodian for a beneficiary under an applicable state Uniform Gifts to Minors Act; or

5.    To a relative of such beneficiary to be expended by such relative for the benefit of such beneficiary, including payment to such relative.

g.    Liability of Third Party.  No purchaser at any sale made by the Trustee or persons dealing with the Trustee hereunder shall be obliged to see to the application of any money or property paid or delivered to the Trustee.  No person dealing with the Trustee shall be obliged to inquire into the expediency or propriety of any transaction or the authority of the Trustee to enter into and consummate the same upon such terms as the Trustee may deem advisable.

h.    Out-of-State Properties.  If at any time any trust estate shall consist in whole or in part of assets located in a jurisdiction in which the Trustee then acting hereunder is not authorized or is unwilling to act, the Trustee then acting hereunder may appoint an ancillary trustee in the jurisdiction in which it is not authorized or is unwilling to act and may confer upon such ancillary trustee power to act solely with reference to such assets as the Trustee may deem necessary or expedient and such ancillary trustee shall remit to the Trustee then acting hereunder that part of all income from and proceeds of sale of such assets which is not required for the payment of any and all obligations of the trust in such jurisdiction for which such ancillary trustee is personally liable.  The Trustee then acting hereunder may pay unto such ancillary trustee reasonable compensation for its services and may absolve it from any requirement that it furnish bond or other security.

i.    No Court Supervision.  No Trustee shall be required to qualify before, be appointed by, or in the absence of breach of trust, account to any court or obtain the order or approval of any court in the exercise of any power or discretion granted in this instrument.

j.    Commingling Multiple Trusts or Shares.  If there are two or more trusts or shares of any trust created hereunder, then the principal of the several trusts or shares may be commingled and held as one fund with the separate trusts or shares having undivided interests therein appropriately identified on the books of the Trustee.

k.    Powers Cumulative.  The Trustee, except to the extent that the same are inconsistent with the provisions of this instrument, in which event the provisions of this instrument shall govern, shall have all of the rights, powers and privileges, and be subject to all of the duties, responsibilities and conditions set forth in the Texas Trust Code (or its successor statute governing the powers and responsibilities of trustees).  Except as otherwise provided herein, the powers conferred upon the Trustee herein shall not be construed as in limitation of any authority conferred by law, but shall be construed as in addition thereto.

l.    Compensation and Bond.  Any individual Trustee, from time to time serving hereunder, may receive fair, reasonable and customary compensation for services as Trustee, as may be approved by the Trust Committee, and any corporate Trustee shall be entitled to its customary scheduled fee.  Any Trustee from time to time serving hereunder shall be reimbursed for any reasonable out-of-pocket expenses incurred while

acting as a Trustee of any trust created pursuant to this instrument. No Trustee shall be required to furnish bond or any other security, and all rights, powers, authorities, privileges and discretions herein conferred upon the Trustee shall be exercised without the supervision of any court, it being intended that so far as can be legally provided, the Trustee shall be completely free of all court supervision of any kind, including the requirement of any accounting to any court; provided, however, that the Trustee shall furnish an accounting to any beneficiary or guardian of any beneficiary upon reasonable demand made therefor.

m.    <u>Appointment and Succession of Trustee</u>.  The initial Trustee of each trust created hereunder shall be HARRY CUMMINS, JR., HARRY CUMMINS, III, JEFFREY ROSS CUMMINS, and MARY ANN CHICOINE.  Unless another meaning is clearly indicated or required by context or circumstances, the terms "Trustee" or "Trustees" in the singular or plural form and neuter gender shall refer collectively to all persons or entities who may at any time be serving as Trustee or Trustees, whether original or successor, or a corporate Trustee alone, if it shall be the sole Trustee under the provisions hereof.  In the event of the death, resignation, failure, removal, refusal, inability or incapacity of any Trustee or Co-Trustee, original or successor, then Settlor can appoint a Successor Trustee or Co-Trustee, or may elect to serve as sole Trustee, but if Settlor is deceased or legally incapacitated, then the Trust Committee, by majority vote, shall have the power to designate a successor Trustee and/or may decide by majority vote in writing that no Co-Trustee shall be appointed.  At no time may a beneficiary of any trust created under this Agreement ever serve as a Trustee or Co-Trustee under this Trust unless the Trust Committee by majority vote allows such an appointment.

n.    <u>Trust Committee</u>.

1.    The Trust Committee shall have the powers granted under this paragraph, as well as any other set forth under this Trust Agreement.  The initial Trust Committee shall consist of the following individuals: Harry Cummins, III, Jeffrey Ross Cummins and Mary Ann Chicoine.

2.    If, through any member`s ceasing or failing to serve, the membership of the Trust Committee shall be reduced to less than three (3) individuals, the remaining members shall appoint by a majority vote a sufficient number of persons to bring the total membership to three (3) individuals.  Any person may be reappointed to serve as a member of the Trust Committee.  Any Trustee may serve on the Trust Committee, if so elected, but the Trust Committee is not mandated to place the Trustee on the Trust Committee.

3.    In carrying out its duties, the Trust Committee shall act in a fiduciary capacity, but shall not be required to furnish bond.  Each member of the Trust

Committee shall be entitled to reimbursement for any reasonable out-of-pocket expenses incurred in the performance of such member's duties. All decisions made by the Trust Committee must be with the approval of a majority of its members.

4.    Anything in this Trust to the contrary notwithstanding, neither the Trust Committee nor any member thereof, as a member of the Trust Committee, shall have any power to establish or alter the beneficial enjoyment of principal or income of any Trust created or authorized in this Trust.

5.    A majority of the Trust Committee shall have the power to remove at any time a member of the Trust Committee and to appoint a successor Trust Committee member.

o.    <u>Resignation or Removal of Trustee</u>.  Should it ever become necessary for a Trustee to resign, the Trustee may do so by giving thirty (30) days' written notice to Settlor, but if Settlor is deceased and/or incapacitated, then the written notice shall be given to all members of the Trust Committee.  A majority of the Trust Committee shall also have the power to remove at any time a Trustee, and any successor Trustee and to appoint a successor Trustee as herein provided for, if one is not already provided for, if Settlor is deceased and/or incapacitated, but as long as Settlor is living and not incapacitated then the Settlor shall have power to remove a Trustee.  If no agreement can be reached, a court of competent jurisdiction shall be petitioned for the appointment of a successor Trustee.

p.    <u>Powers and Duties of Successor Trustee</u>.  On the appointment and qualification of any successor Trustee, the same duties shall devolve on and the same rights, powers, authorities, privileges and discretions shall inure to such successor Trustee as to the initial Trustee.  All such rights, powers, authorities, privileges and discretions shall be exercised without the supervision of any court.  No successor Trustee shall have any duty, responsibility, obligation or liability whatsoever for the acts, defaults or omissions of any predecessor Trustee.

q.    <u>Reorganization of Corporate Trustee</u>.  If any corporate Trustee should, before or after qualification, change its name, be reorganized, merged or consolidated with another corporation, or assign its trust functions to another corporation, the resulting corporation which succeeds to its fiduciary business shall become a Trustee hereunder, or be eligible for appointment as Trustee, as the case may be.

r.    <u>Liability for Predecessor Fiduciary</u>.  No Trustee hereunder, whether original or successor, shall be liable for the default of any existing or prior executor, administrator, trustee, co-trustee or legal representative thereof or for failure to contest the accounting rendered by such predecessor fiduciary, unless a majority of the adult beneficiaries or if

there be none, the legal or natural guardians of a majority of the minor beneficiaries shall have, in writing, requested the Trustee to contest such accounting or rectify such default prior to acceptance. Similarly, any Trustee hereunder, whether original or successor, may accept the trust assets as delivered to it by such executor, administrator, co-trustee, prior trustee or the legal representative of such prior fiduciary and shall be responsible only for such assets. It is Settlor's desire that said Trustee be relieved of any duty, liability or responsibility which it may have as a successor fiduciary because of receiving assets or being entitled to receive assets from a prior fiduciary. It is Settlor's wish and desire that these provisions expedite the funding of any trusts created pursuant to this instrument and expedite the succession of trusteeship hereunder. Nothing in this paragraph shall limit the power of any Trustee hereunder from conditioning its acceptance of the trust or any assets upon a proper accounting or from requiring such an accounting or rectifying of a prior default from a predecessor fiduciary.

s.   <u>Generation-Skipping, Transfer Tax</u>. Certain distributions in this Trust may be subject to Generation-Skipping Transfer Tax ("GST") under Chapter 13 (Section 2601 et seq.) of the Internal Revenue Code (or similar statutes in force and effect from time to time). In consideration of the special duties and responsibilities imposed upon the Trustees by reason thereof, the following provisions shall be applicable to any such distribution:

1.   **Elections by Fiduciaries.** Upon a generation-skipping transfer which is taxable under Chapter 13, the Executor of Settlor's estate and Trustees shall be fully protected by their decision (1) to withhold distribution of all or any part of the Trust pending final determination of the GST; (2) to hold the assets on hand which are subject to an alternate valuation election during the full holding period of such election, or to distribute or otherwise effect disposition of any such assets during this period; and (3) to the extent that the Trustees have a choice of dates as of which to value property for GST, or a choice to treat or use an item either as an income tax deduction or a GST deduction, the Trustees may make such choices as they shall deem advisable, regardless of the resulting effect on any other provisions of the Trust or on any person interested therein. Any person adversely affected by such a choice shall not be entitled to any reimbursement or adjustment by reason thereof.

2.   **Allocation of Exemption.** Settlor's Executor or Trustees are authorized to allocate any portion of Settlor's GST exemption available under Section 2631(a) of the Internal Revenue Code, as amended, or under any corresponding state statute, if any, to any property as to which Settlor is the transferor, including any property transferred by Settlor during life as to which no allocation was made prior to death.

3.    **GST Taxes and Payments.**  If Trustees may consider any distribution or termination of an interest or power in this Trust to be a taxable distribution (a "Distribution") or a taxable termination (a "Termination"), or a director skip (A "Direct Skip") for GST purposes, Trustee may exercise the following authorities with respect to any such Distribution, Termination or Direct Skip.  In the case of a Distribution, Trustees may increase the amount to be distributed by an amount estimated to be sufficient to permit the beneficiary receiving such Distribution to pay the estimated GST attributable to such Distribution. Generally, however, Trustees would not be expected to augment any partial terminating distribution in order to pay GST taxes attributable to the partial terminating distribution from a Trust. In the case of a Termination or Direct Skip, Trustees shall pay the GST attributable to such termination or Direct Skip, and may postpone final termination of any Trust or the complete funding of any Direct Skip, and may withhold all or any portion of the Trust property, until Trustees shall be satisfied that Trustees no longer have any liability to pay any GST with reference to the termination or Direct Skip.  If a GST is imposed in part by reason of property held in trust under Settlor's Will, and in part by reason of other property, Trustees shall pay only the portion of the tax that is fairly attributable to the Distribution, Termination, or Direct Skip, hereunder, taking into consideration deductions, exemptions, credits and other factors which Trustees may deem appropriate.  Trustees may, but need not make any equitable adjustments among beneficiaries of this Trust as a consequence of additional distributions or GST payments made with respect to Distributions or Termination or Direct Skips.

4.    **Creation of Multiple Trusts.**  Trustees are authorized to divide property in the Trust with an inclusion ratio as defined in Section 2642(a)(1) of the Internal Revenue Code, as amended, of neither one nor zero into separate Trusts representing two fractional shares of the property being divided, one to have an inclusion ration of one and the other to have an inclusion ration of zero.  If at any time accounting or other administrative burdens would be simplified (for tax reasons or otherwise) by the creation of two or more identical Trusts (as may be the case if creating multiple Trusts will facilitate making appropriate elections so that one or more of such Trusts will be wholly exempt from the federal GST) Trustees may elect to create two or more separate and distinct identical Trusts as Trustees determine to be appropriate so long as the method of asset allocation does not jeopardize an otherwise allowable estate tax deduction or generation-skipping transfer tax exemption available to Settlor's estate.  Also, the Trust assets must be divided according to their fair market value at the time of division, and the aggregate net appreciation or depreciation of the assets, subsequent to the

date which such assets are valued for federal estate tax purposes, shall be fairly representative of all assets then available for the allocation.

5.  **Power of Appointment.** If any Trust created hereunder is upon the death of the last living child (hereinafter referred to as the "Primary Beneficiary" in this paragraph) subject to GST after the allocation of the GST exemption, Settlor hereby grants to the Primary Beneficiary a general power to appoint such portion of the principal of the Trust upon his/her death as Trustees shall from time to time determine will result in an over-all savings of estate taxes and GST as between the estate of the Primary Beneficiary and the Trust or Trusts hereunder which would otherwise be subject to the GST at the Primary Beneficiary's death as to such portion of principal. The determination of Trustees as to such amount will be conclusive and binding upon all persons interested in the Trust, and Settlor hereby exonerates Trustees with respect to the determination of the amount. Once the Trustees make the initial determination as to the amount or percentage subject to the general power of appointment, the Trustees need not review or change the determination except upon the prior written request of the income beneficiary. Such power shall be exercisable during lifetime or at death, exercisable alone and in all events, to and among such person or persons, including his/her estate and the creditors of the Primary Beneficiary's estate, and in such proportions as he/she may designate or appoint by Will admitted to probate in any jurisdiction or in a lifetime written instrument on file with the Trustees at the time of the surviving Settlor's death. The power shall be exercisable by the Primary Beneficiary only by specific reference thereto in his/her Will, and upon his/her failure to appoint, or to the extent the exercise of such power is ineffective, the remaining principal and income shall be distributed or continue to be retained in trust pursuant to the provisions of this Trust.

t.  **Dealing with Estates.** The Trustee is authorized to lend any part of the trust funds to the executor or administrator of Settlor`s estate upon such security and for such time and at such rates of interest and upon such terms as the Trustee in its absolute discretion may deem proper, and to purchase from the executors or administrators of the said estates any item of property, real or personal, for such sums and on such terms as the Trustee may deem wise and proper. The Trustee acting under this paragraph shall be acting in a fiduciary capacity and shall deal with such estates in an arm`s-length manner.

u.  **Release of Power.** If the Trustee deems it to be in the best interest of the trust and its beneficiaries, the Trustee, by written instrument signed by such Trustee, shall have the power and authority to release, disclaim or restrict the scope of any power or discretion granted in this instrument or implied by law.

v.    <u>Spendthrift Clause</u>.  No beneficiary of any trust created hereunder shall have the right or power to anticipate, by assignment or otherwise, any income or principal given to such beneficiary by this instrument, nor in advance of actually receiving the same have the right or power to sell, transfer, encumber or in anywise charge same; nor shall such income or principal, or any portion of the same, be subject to any execution, garnishment, attachment, insolvency, bankruptcy, or other legal proceeding of any character, or legal sequestration, levy or sale, or in any event or manner be applicable to subject, voluntarily or involuntarily, to the payment of such beneficiary`s debts, including claims for alimony or support.

w.    <u>Situs of Trust</u>.  The situs of each trust shall be the State of Texas, and all provisions shall be performable there, and the laws of said state shall govern as to the interpretation, validity and administration of the trust so long as the trust has its situs in said state.  If in the opinion of the Trustee, it becomes advisable to change the situs of any trust to another state, or outside of the United States, for the purposes of economy, savings or other benefits to any trust created hereunder or to any Beneficiary of any trust created hereunder, the situs of such trust may be changed by the filing of a notice of transfer of situs in the office of the county clerk of the county in which the situs of such trust is then established. Thereafter, the duties, obligations, liabilities and powers of the Trustee shall be construed under the laws of the jurisdiction to which the change in situs has been made.

x.    <u>Liability and Responsibility between Trustees</u>.  No Trustee shall be liable for its acts or omissions, except for willful misconduct or gross negligence.  While Co-Trustees shall be acting hereunder, no Trustee shall in any event be liable to any party in interest or to any person whomsoever for any act or failure to act of any other Trustee, unless resulting from the bad faith or gross negligence of the Trustee first mentioned.

y.    <u>Postponement of Allocation</u>.  The Trustee may defer, for a period reasonably required for the administration of Settlor`s estate, any distribution or division of trust assets which the Trustee is directed to make after the death of Settlor by other provisions of this instrument.  This provision shall not affect any beneficiary`s limited withdrawal right granted under this Agreement.

z.    <u>Qualified Subchapter S Trust Powers</u>.    Shares of stock in one or more S corporations may become assets of the trusts created hereunder.  If (A) any stock of a corporation which is an S corporation within the meaning of Section 1361(a) of the Code or its successor provision is allocated to a trust created hereunder, including, but not limited to any stock of a corporation which thereafter elects under Section 1362(a) of the Code to be treated as an S corporation, and (B) the beneficiary of that trust makes an election in accordance with Section 1361(d)(2) of the Code to qualify that trust as a Qualified Subchapter S Trust within the meaning of Section 1361(d)(3) of the Code (herein referred to as a "Qualified Subchapter S Trust"), then, notwithstanding any provision in

this instrument to the contrary, the stock of each S corporation (herein referred to as "S Corporation Stock") may be segregated by the Trustee, in the Trustee's sole discretion, and held in a separate trust. Each such separate trust shall have the same name as the trust to which the stock was originally allocated plus the name of the Current Income Beneficiary (hereinafter defined) thereof followed by the name of the S corporation whose stock is held in trust and the words "Trust S" (herein referred to as a "Trust S"). Each Trust S shall be administered in accordance with the same provisions contained in the trust to which the stock was originally allocated; provided, however, that the provisions of this section shall control the administration of each Trust S created to the extent inconsistent with the provisions of the original trust.

(a) <u>Current Income Beneficiary</u>. A Trust S shall have only one Current Income Beneficiary. The Current Income Beneficiary of a Trust S is the person who had a present right to receive income distributions from the trust to which the S Corporation Stock was originally allocated. If more than one person has a present right to receive income distributions from the trust to which the S Corporation Stock was originally allocated, then the Current Income Beneficiary shall be the primary beneficiary of that trust, as determined by the Trustee. Where the Trustee, in the Trustee's sole discretion, determines there is more than one primary beneficiary, the Trustee may cause S Corporation Stock to be segregated into more than one Trust S each with a different Current Income Beneficiary.

(b)    <u>Distribution of Income</u>. Each Trust S shall distribute all of its income (as that term is defined in Section 643(b) of the Code or its successor provision) to the Current Income Beneficiary of that trust at least annually.

(c)    <u>Distribution of Principal</u>. Distributions of principal shall be governed by the terms of the trust to which the S Corporation Stock was originally allocated except that principal may only be distributed to the Current Income Beneficiary of each Trust S.

(d)    <u>Termination of a Trust S</u>.

(1)    <u>Beneficiary Living</u>. If any Trust S is terminated during the lifetime of the Current Income Beneficiary, all of the principal and undistributed income of that Trust S shall be distributed to the Current Income Beneficiary. Notwithstanding the foregoing, if at any time after a Trust S is established, it ceases to be a Qualified Subchapter S Trust, but is not otherwise terminated, then the assets contained in that trust shall be placed in and held as a part of the trust to which the S Corporation Stock was originally allocated, to be administered as a part thereof.

(2)  <u>Beneficiary Deceased</u>.  If not earlier terminated by distribution of the entire trust estate under the foregoing provisions, each Trust S shall terminate on the death of the Current Income Beneficiary, at which time the Trustee shall administer or distribute any property in that Trust S in accordance with the provisions that would have been applicable to the administration of those assets if that Trust S had never been created.  If upon application of those provisions, S Corporation Stock would remain in a trust created hereunder and the beneficiary who then has a right to receive income distributions from that trust elects to qualify the trust as a Qualified Subchapter S Trust in accordance with Section 1361(d)(2) of the Code, then the stock of each S corporation shall be held in a separate trust to be administered in accordance to this Trust, with that consenting beneficiary becoming the Current Income Beneficiary of such trust.

(e)  <u>Construction of Trust Terms</u>.  No trust created hereunder shall be administered in such a manner as to cause the termination of the S corporation status of any corporation whose stock is held as a part of such trust.  Accordingly, to the extent the terms of this instrument are inconsistent with any trust created hereunder qualifying as a Qualified Subchapter S Trust, it is Settlor's intent that the terms of the trust be construed and administered in a manner that is consistent with qualifying the trust as a Qualified Subchapter S Trust during any period that the trust holds S Corporation Stock and any provision incapable of being so construed or applied shall be disregarded.

(f)  <u>Methods of Distributions</u>.  No method of distribution permitted herein may be utilized in a manner that would jeopardize the qualification of a trust as a Qualified Subchapter S Trust.

(g)  <u>Elections</u>.  Any reference in this instrument to any person, acting in an individual or fiduciary capacity, making an election for himself or for or on behalf of any person shall include, but shall not be limited to, an election made in accordance with Section 1361(d)(2) of the Code or its successor provision.

(h)  <u>Apportionment of Receipts and Expenses</u>.  The Trustee hereunder shall characterize receipts and expenses of any Trust S in a manner consistent with qualifying that trust as a Qualified Subchapter S Trust.

(i)  <u>Trust Consolidation</u>.  The Trustee may not consolidate any trust with another if to do so would jeopardize the qualification of one or both of the trusts as Qualified Subchapter S Trusts.

(j)    <u>Power to Distribute Stock</u>.  IF the continuation of any Trust S created hereunder would, in the opinion of the Trustee's legal counsel, result in the termination of the S corporation status of any corporation whose stock is held as a part of the trust estate, the Trustee, in its discretion, shall have, in addition to the power to sell or otherwise dispose of such stock, the power to distribute the stock of such S corporation to the person then entitled to receive the income therefrom or have it accumulated for his benefit.  Distribution of such stock in the manner herein provided shall relieve the Trustee of any further responsibility with respect to such stock.  The Trustee shall have no liability for distributing or failing to distribute such stock as authorized by this Trust.

(k)    <u>Limitation on Discretion</u>.  Notwithstanding the foregoing, the discretion granted to the Trustee herein to take or refrain from taking any action as to cause the qualification or termination of a corporation's S corporation status or to distribute stock of an S corporations shall not be exercised by any Trustee that would be entitled to receive any income, stock or other benefit as a result of such qualification, termination or distribution, such discretion being exercisable by the other Trustee then serving or if all of the Trustees would be entitled to any S Corporation stock benefits as a result of such qualification, termination or distribution, such discretion shall not be exercised until there is a Trustee serving that is capable of exercising such discretion.

## ARTICLE VI

### REVOCABLE TRUST

This Trust is and shall be revocable and may be altered, amended, revoked or terminated by Settlor, but if Settlor had become incapacitated, as defined herein, then this Trust shall be irrevocable and shall not be altered, amended, revoked or terminated by any person unless and until Settlor is no longer considered to be incapacitated, as defined herein.

## ARTICLE VII

### ADDITIONAL DEFINITIONS

a.    <u>Trustee or Trustees</u>.  As used in this instrument, the word "Trustee" shall mean any and all trustees from time to time serving hereunder and shall refer both to the original trustee and to any successor or substitute trustee or trustees.

b.    Trust. Except as provided otherwise by the context of this instrument, the word "trust" as used herein shall include any and all trusts created hereunder.

c.    Internal Revenue Code. All references to "Internal Revenue Code" shall be to the Internal Revenue Code of 1986, as it exists at the time of execution of this instrument or as amended from time to time thereafter, unless otherwise designated, or to its successor statute.

d.    Gender, Singular and Plural. As used in this instrument, the masculine, feminine and neuter genders shall each be deemed to include the others unless the context requires otherwise. The singular shall include the plural and the plural shall include the singular wherever the context of this instrument permits.

e.    Survival. Except where specifically designated otherwise, for purposes of this instrument, no person shall be deemed to have survived another if such person dies within sixty (60) days after the prior decedent's death.

f.    Effect of Inoperative, Invalid or Illegal Provisions. If any provision of this instrument is held to be inoperative, invalid or illegal, it is Settlor's intention that all of the remaining provisions thereof shall continue to be fully operative and effective so far as is possible and reasonable.

g.    Payments for Education. Whenever provision is made herein for payment to any beneficiary to provide for his education, the term "education" shall include elementary, secondary and higher education, including college, graduate and professional study or vocational or technical training.

h.    Definition of Incapacity. Wherever reference is made to the incapacity or incompetence of any person, such person shall be deemed incapacitated or incompetent if he shall be or become subject to a legal, mental or physical disability which substantially impairs his ability to manage his own affairs with reasonable care. Proof that any person has become incapacitated, as such term is herein defined, may be conclusively established by the written opinion of two physicians selected by or acceptable to the Trustees of the Trust or trusts with respect to which the capacity of such person is in question (or to the remaining Trustee, if any, if the capacity of any Trustee be at issue) certifying to such fact. The language of such certificates shall be sufficient if acceptable to the Trustees (or remaining Trustee, as the case may be) as indicating with reasonable certainty that such person is incapacitated, and the physicians who issue such certificates, so long as they shall act in good faith in so doing, and the Trustees (or remaining Trustee, as the case may be), so long as they shall act in good faith in accepting such certificates, shall be entitled to indemnification by the trusts created hereunder from any liability for rendering the opinion contained in any such certificates, in the case of such physicians, and, in the case of the Trustees (or remaining Trustee) for acting pursuant to their or its good faith acceptance of such certificates.

EXECUTED the day and year first above written.

_____                          _____
HARRY CUMMINS, JR., Settlor                       JEFFREY ROSS CUMMINS, Trustee

_____                          _____
HARRY CUMMINS, JR., Trustee                       MARY ANN CHICOINE, Trustee

_____
HARRY CUMMINS, III, Trustee


STATE OF TEXAS              §
                            §
COUNTY OF HARRIS            §

BEFORE ME, the undersigned authority, on this day personally appeared HARRY CUMMINS, JR., as Settlor, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO on this the 7th day of February, 1996, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas
Name (print): _____
My commission expires: _____

E. CARTER CROOK, JR.
Notary Public, State of Texas
My Commission Expires 06-24-96

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

BEFORE ME, the undersigned authority, on this day personally appeared HARRY CUMMINS, JR., as Trustee, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO on this the 8th day of *March*, 1996, to certify which witness my hand and seal of office.



Notary Public, State of Texas
Name (print): _____
My commission expires: _____

STATE OF TEXAS          §
                        §
COUNTY OF Midland       §

BEFORE ME, the undersigned authority, on this day personally appeared JEFFREY ROSS CUMMINS as Trustee, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO on this the 8th day of *March*, 1996, to certify which witness my hand and seal of office.



Notary Public, State of Texas
Name (print): E. Corrinne Luna
My commission expires: 12·18·98

STATE OF TEXAS             §
                          §
COUNTY OF HARRIS          §

   BEFORE ME, the undersigned authority, on this day personally appeared MARY ANN CHICOINE as Trustee, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

   SUBSCRIBED AND SWORN TO on this the 26th day of _March_, 1996, to certify which witness my hand and seal of office.

JULIE A. PRESSWOOD
Notary Public, State of Texas
Harris County
My Comm. Expires Oct. 10, 1996

Notary Public, State of Texas
Name (print): _JULIE A PRESSWOOD_
My commission expires: _10/10/96_

CUMMINS FAMILY LIVING TRUST - Page 24

## SCHEDULE A
## CUMMINS FAMILY LIVING TRUST





UBS Financial Services Inc.
1819 MAIN STREET
SUITE 900
SARASOTA FL 34236-5926

CPZ3000760595 1209X15 HW 0

**Account name:** HARRY CUMMINS III, MARY ANN
CHICOINE AND JEFFREY ROSS
**Account number:** HW 08083 PC

**Your Financial Advisor:**
THE SARASOTA GROUP
Phone: 941-366-6121/800-237-3998

# 2009 Year End Summary

HARRY CUMMINS III, MARY ANN
CHICOINE AND JEFFREY ROSS
CUMMINS TEES
CUMMINS FAMILY LIVING TR
6803 LOVINGTON DR
DALLAS TX 75252-2712

# Summary of banking activity

| Checks | Year to date ($) |
|---|---|
| Checks | 3,800.00 |

# Checks

| Check number | Date cleared | Description | Amount ($) |
|---|---|---|---|
| 001001 | Nov 3, 09 | MARY ANN CHICOINE | 3,800.00 |
| **Total Checks** | | | **$3,800.00** |

# Summary of gains and losses

| | Amount ($) |
|---|---|
| Short term | 96.38 |
| Long term | -11,017.05 |
| **Total** | **$-10,920.67** |